Jacob Ark, J.
This is a proceeding under section 619 of the Business Corporation Law to declare invalid the election of directors and officers of Bollinger Corporation held on May 3, 1966, upon the submitted papers.
Prior to the institution of this proceeding, the petitioner, as plaintiff, commenced an action on behalf of himself and deriy *803 atively as a stockholder of and on behalf of the Dollinger Corporation against Lewis L. Dollinger, Jr., F. Leslie Dollinger and Lincoln Eochester Trust Company and Lelia A. Dollinger as cotrustees under the will of Lewis L. Dollinger, Sr., and the corporation.
The annual meeting of the shareholders was to be held on April 15, 1966, but upon the application of the petitioner, he obtained a restraining order on April 14, 1966, which stayed the meeting. By a subsequent order the restraint was vacated, and the time of holding the meeting was fixed for May 3, 1966 at 2:00 p.m. in the City of Eochester, New York, “ for the purpose of electing directors and the conducting of all business which may properly come before the meeting or any further adjournment or adjournments thereof,” upon notice provided for in said order.
The petitioner appeared at the May 3, 1966 meeting in accordance with the notice and participated to this extent: “ Ladies and gentlemen. Pursuant to the by-laws of the corporation and under the power reposed in me as its president, I do hereby adjourn this meeting to four weeks from today at the same hour and place.” (The proceedings were taken stenographically and are before the court.)
Lewis D. Dollinger, Jr., a stockholder and the defendant in the action, protested this procedure. The petitioner, a shareholder and president, left the meeting. (It does not appear whether this objection was made before or after his departure.) Whereupon, Lewis D. Dollinger, Jr., in the absence of the president, vice-president and secretary, directed the meeting. After ascertaining that a quorum was present, he called for the election of a chairman, and upon motion made and seconded, he was elected the chairman of the meeting.
There were 81,710 shares entitled to vote and the inspectors of election, who were elected at the meeting, reported that 54,223 shares were represented. This was a majority and constituted a quorum under the by-laws (art. 2, § 4 [a]). A board of directors was elected, which, in turn, elected officers.
The petitioner’s attack upon the meeting is based upon what occurred at it, and his petition lists five specific reasons for its invalidity. They are:
(a) The May 3, 1966 meeting had been adjourned by the president of the corporation who was the official nominated in the by-laws to preside at such meetings;
(b) The president of the corporation had departed from the premises and therefore did not preside at the meeting as required by the by-laws;
*804 (c) The court order did not provide for the holding of two meetings;
(d) The regular meeting held pursuant to the court order was called at 2:00 p.m. by the president and adjourned, and at that time there existed no provision by court order, by-laws, statute or otherwise, for the holding of any second meeting; and
(e) The by-laws state that the annual meeting was to be held in April, and that the directors had to be elected at said meeting.
Although the by-laws (art. 4, § 7) provide that the president shall preside at all meetings of the shareholders, the question is whether he had the right to unilaterally take away from a duly constituted body the right to engage in effective action by adjourning the meeting and absenting himself from it.
The petitioner relies upon the by-laws in support of his position that there can be no valid meeting without his presiding at it. An examination of the by-laws discloses that this argu- ■ ment is without substance, and the matter of adjournment is only mentioned in the absence of a quorum, when the shareholders present may adjourn the meeting to another time and place (art. 2, § 4b of by-laws; Business Corporation Law, § 608, subd. [d]). It would seem that if the right of adjournment at an annual meeting is given to the shareholders in the absence of a quorum, it is idle to urge that they are without this prerogative when they assemble as a duly constituted body for effective action. It is the shareholders’ meeting, the owners of the company, who have the right to make a decision on a question of adjournment, and not of the president who has only the duty of presiding.
Robert’s Rules of Order is a recognized authority on parliamentary procedure, and in section 64, page 259, it is stated:
‘‘ In the case of an annual meeting, where certain business for the year, as the election of officers, must be attended to during the session, the meeting should fix a time for an adjourned meeting and then adjourn.” (Emphasis supplied.)
In Benintendi v. Kenton Hotel (294 N. Y. 112, 119) it was held that ‘‘ the very idea of a ‘ quorum ’ is that, when that required number of persons goes into session as a body, the votes of a majority thereof are sufficient for binding action.”
A quorum was present and if the wishes of the shareholders could be thwarted by the conduct of a single person it would violate all rules of fair play. Furthermore, if the president could adjourn the meeting for four weeks, the query presents itself as to how long the frustration of the shareholders could continue. It is of particular significance that in the instant case the president is also the chief executive officer (art. 4, § 7) whose term *805 expires “ at the meeting of the board following the next annual meeting of shareholders ” (art. 4, § 2).
The court adopts the language used in Matter of Ajello v. Murphy (26 Misc 2d 1026, 1034) that “there is no doubt but that the president upon his declaration of the adjournment of the meeting abdicated the chair which automatically by such action became vacant.”
The election of a chairman for the meeting by the shareholders was the logical action to be taken by that body under the circumstances. It conformed to “ accepted usage and common practice.” (Matter of Young v. Jebbett, 213 App. Div. 774, 779.)
While the by-laws do not provide for the holding of two meetings, the fact is that only one meeting was held. It is of no consequence that the meeting was held in the month of May instead of April, as no question is raised that there was a failure to notify all shareholders of the meeting. (Beardsley v. Johnson, 121 N. Y. 224, 228.) Even if such issue were of any moment, the petitioner is in no position to complain as he was responsible for the delay.
The election of the directors and officers of Dollinger Corporation held on May 3, 1966 is confirmed.